# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ELROY G. NEWTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-CV-239 AGF |
| | ) |
| COMPASS HEALTH NETWORK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. Self-represented plaintiff Elroy G. Newton filed this action on February 25, 2022, against defendants the Compass Health Network, Kevin Schmidt DDS, Lisa Barnes, Jane Does 1 and 2 and Unknown Office Supervisor. On March 15, 2022, the Court ordered plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. Plaintiff was given twenty-one (21) days to respond to the Order to Show Cause. Plaintiff has failed to respond to the Order to Show Cause. As a result, plaintiff's action will be dismissed for lack of subject-matter jurisdiction. *See* Fed.R.Civ.P.12(h)(3).

### Plaintiff's Complaint

Plaintiff filed the instant civil action on February 25, 2022. He claimed that he was bringing this action pursuant to the following federal laws: "Title 18 U.S.C. § 242 – Deprivation of Rights Under Color of Law;" Title 18 U.S.C. § 241 – "Conspiracy Against Rights;" Title 18 U.S.C. § 245 "Federally Protected Activities;"– Title 18 U.S.C. § 248 "Freedom of Access to Clinic Entrances;" Federal Trade Commission Act; Section 5: Unfair or Deceptive Acts or Practice, Fraud, Extortion, Breach of Fiduciary Duty.

In his "Statement of Claim," plaintiff alleged a dispute with Wentzville Dental, a dental office he was referred to by Compass Health.[1] In essence, plaintiff alleged that he was unable to obtain a dental service at Wentzville Dental for removal of his top teeth in preparation of procurement of dentures. Plaintiff attached to his complaint a document titled, "Compass Health Network Title VI Complaint Form." Plaintiff stated in his complaint as follows: "I felt discrimination from the 3 main people I came in contact with and these people are listed as the two receptionist[s] the dental assistant and their supervisor which would make 4." However, plaintiff failed to allege a basis for his discrimination.

On March 15, 2022, the Court ordered plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff failed to respond. Based on the Court's review of plaintiff's Complaint, as well as plaintiff's failure to respond to the Order to Show Cause, the Court will dismiss this action for lack of subject matter jurisdiction.

## Discussion

As set for the in the Court's March 15, 2022 Memorandum and Order to Show Cause, the Court has a duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and cases where diversity jurisdiction exists under 28 U.S.C. § 1332. Plaintiff's complaint fails to establish this Court's jurisdiction under either basis.

The Court has diversity jurisdiction under 28 U.S.C. § 1332 over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*,

---

[1] Compass Health Network describes themselves as "a nonprofit health care organization that provides a full continuum of behavioral health services as well as primary and dental health services throughout Missouri." *See* https://compasshealthnetwork.org/services.

263 F.3d 816, 819 (8th Cir. 2001).  Diversity jurisdiction does not exist here because plaintiff and defendants are all alleged to be citizens of the State of Missouri.

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). As noted in the Court's prior Memorandum and Order, the Court lacks subject matter jurisdiction over the four different civil rights statutes articulated by plaintiff.

The first three statutes, 18 U.S.C. § 242, "Deprivation of Rights Under Color of Law," 18 U.S.C. § 241 – "Conspiracy Against Rights" and 18 U.S.C. § 245 "Federally Protected Activities" cannot provide plaintiff a basis for jurisdiction. Even if plaintiff had properly alleged defendants violated these statutes, the statutes he relies on are criminal in nature and do not give him a private right of action. *See U.S. v. Wadena*, 152 F.3d 831, 846 (8th Cir 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges"); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only a United States prosecutor can bring a complaint under 18 U.S.C. §§ 241- 242, and that the "statutes do not give rise to a civil action for damages"); *Storm-Eggink v. Gottfried*, 409 Fed. Appx. 426, 427 (2nd Cir. 2011) (stating that "nothing in the language or structure of [18 U.S.C.] § 241 suggests that Congress intended to create a private right of action"); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2nd Cir. 1994) (stating that 18 U.S.C. § 242 is a criminal statute that does not provide a private right of action); *Davis v. Norwood*, 614 Fed. Appx. 602, 605 (3rd Cir. 2015) (stating "that 18 U.S.C. § 242, which criminalizes the deprivation of rights under color of law, does not provide a private right of action"); *Brown v. Express Scripts,* 2018 WL 1295482, at *2 (E.D. Mo. 2018) (dismissing plaintiff's claim brought under 18 U.S.C. § 242 because plaintiff had no private right of action); *Roberson v. Pearson*, 2012 WL 4128303, at *1

(D. Minn. 2012) (stating that 18 U.S.C. § 245 is a federal criminal statute "that cannot provide the basis for any private cause of action"); *Banks-Bey v. Acxiom,* 2010 WL 395221, at *3 (N.D. Ohio) (dismissing claim under 18 U.S.C. § 245 because § 245 is a criminal statute for which there is no private right of action); *Wolf v. Jefferson Cty., Mo.,* 2016 WL 233247, at *2 (E.D. Mo. 2016).

Similarly, plaintiff may not base his case for federal jurisdiction in this matter on claims brought pursuant to the Federal Trade Commission Act, as there is no private right of action under the FTC. *Holloway v. Bristol-Myers Corp.,* 485 F.2d 986, 988–89 (D.C. Cir. 1973). Plaintiff also cannot state a claim under 18 U.S.C. § 248 "Freedom of Access to Clinic Entrances (FACE)" because the statute prohibits persons from intimidating or interfering with someone obtaining or providing reproductive health services, which does not apply in this instance as plaintiff was attempting to obtain dental services. *See U.S. v. Dinwiddie*, 76 F.3d 913 (8th Cir. 1996).

To the extent plaintiff is asserting federal question jurisdiction under the complaint's listed "violations," he has not shown that his claims arise under: "the False Claims Act[2]," Title VII of

---

[2]The False Claims Act punishes those who attempt to defraud the federal government. 31 U.S.C. § 3729. It authorizes private individuals to bring civil actions in the government's name, and such actions are referred to as qui tam actions.  In a *qui tam* action, the private individuals actually "sue on behalf of the government as agents of the government, which is always the real party in interest." *United States ex. rel. Rodgers v. State of Ark.,* 154 F.3d 865, 868 (8th Cir. 1998). Plaintiff has not alleged that defendants attempted to defraud the government.

the Civil Rights Act of 1964[3]," "the Emergency Medical Treatment and Labor Act (EMTALA)[4]," "HIPAA[5]," "the Rehabilitation Act of 1973[6]," "the HITECH ACT[7]" or "Section 1981."[8]

---

[3] The purpose of Title VII is to ensure a workplace environment free of discrimination *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). Because plaintiff was not employed by Compass, he cannot bring a claim under Title VII.

[4] While the EMTALA's civil enforcement provision expressly permits a private cause of action against a participating hospital, it does not expressly permit a private cause of action against an individual physician. *See* 42 U.S.C. § 1395dd(d)(2)(A) ("Any individual who suffers personal harm as a direct result of a participating hospital's violation of a requirement of this section may, in a civil action *against the participating hospital*, obtain those damages available for personal injury under the law of the State in which the hospital is located, and such equitable relief as is appropriate") (emphasis added); *see also*, *King v. Ahrens,* 16 F.3d 265, 270-71 (8th Cir. 1994). Therefore, plaintiff cannot bring a private claim against defendants.

[5] HIPAA does not create a private right of action. *Trone Health Servs., Inc. v. Express Scripts Holding Co.,* 974 F.3d 845, 851 (8th Cir. 2020) (quoting *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010)).

[6] Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 701–796, prohibits any "program or activity receiving Federal financial assistance" from discriminating on the basis of disability. "To establish a prime facie case of disability discrimination under Section 504, the plaintiff must prove: (1) [he] is a qualified individual with a disability; (2) [he] was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) [he] was discriminated against based on [his] disability." *M.P. ex rel. K. & D.P. v. Indep. Sch. Dist. No. 721, New Prague, Minn.,* 439 F.3d 865, 867 (8th Cir. 2006). Plaintiff has not alleged he is a qualified individual with a disability, that defendants were receiving federal funds or that he was denied benefits on the basis of his disability.

[7] The Health Information Technology for Economic and Clinical Health Act was passed by Congress as part of the American Recovery and Reinvestment Act (ARRA) of 2009. Pub. L. No. 111-5, Title XIII, 123 Stat. 115, 226 (2009). ARRA contains incentives related to health care information technology in general (e.g. creation of a national health care infrastructure) and contains specific incentives designed to accelerate the adoption of electronic health record (EHR) systems among providers. The HITECH Act also widens the scope of privacy and security protections available under HIPAA; it increases the potential legal liability for non-compliance; and it provides for more enforcement. Like HIPAA, the HITECH Act does not allow an individual to bring a cause of action against a provider. However, it does allow a state attorney general to bring an action on behalf of his or her residents. *See, e.g., Ciox Health, LLC v. Azar*, 435 F.Supp.3d 30, 39-41 (D.C. D.C. 2020); *Rios v. Partners in Primary Care, P.A.*, No. SA-18-CV-00538-FB, 2019 WL 668509 (W.D. TX Feb. 15, 2019). Thus, plaintiff cannot bring a case under the HITECH Act in this action.

[8] Section 1981 provides that all persons within the jurisdiction of the United States shall have "the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To establish a prima facie case for race discrimination under § 1981, "a plaintiff must

Plaintiff has not only failed to set forth the causes of action under each of these laws, but he has also failed to outline how each of these laws are related to the facts alleged in his complaint.[9] Plaintiff cannot simply provide a laundry list of federal laws in his complaint and without more, state that these laws form the bases for this Court's jurisdiction.

In light of the aforementioned, the Court will dismiss this action for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 19th day of April, 2022.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

---

show (1) he is a member of a protected class, (2) he met his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) the circumstances gave rise to an inference of discrimination (for example, similarly situated employees outside the protected class were treated differently)." *Young v. Builders Steel Co.*, 754 F .3d 573, 577 (8th Cir. 2014). Plaintiff has not alleged he was a member of a protected class or that he was employed by defendant Compass.